Honor may it please the court, Yassin Almodany on behalf of Appellant Roman Hossain. With the court's permission, I would like to reserve three minutes for rebuttal. Okay. Thank you, Your Honor. So the basis for reversal here is straightforward. In terms of unequivocal assertion of ownership, even the government in its answering brief concedes that even if Hossain could survive a motion for judgment on the pleadings, the court is arguing on summary judgment, and the government proceeds to argue on summary judgment. So even they concede that. And then here, I guess, then the question is that the district court or our assertion is that the district court erred in dismissing a case at the pleading stage by resolving a material factual dispute in favor of the moving party without any discovery, which the law clearly does not permit. The district court credited a one-sided disputed agent declaration filed with the Rule 12 motion that was itself based on Mt. Gox records, publicly known to be unreliable, as attested to by Mr. Hossain in his sworn claim, verified claim. So there are several procedural issues with the way the court dealt with this. We didn't have proper notice in terms of summary judgment. They kind of, they styled it as a Rule 12 motion, but then submitted a declaration with the motion. They also didn't provide any separate statement of facts here. They submitted an agent declaration, and Rule 56C4 requires that those declarations be based on personal knowledge. But the crux of the declaration that the district court used to strike the claim was based entirely on hearsay, Mt. Gox records, which were in dispute just based on Mr. Hossain's claim by itself, which under this court's ruling in $133,420, it's to be treated as evidence. So you say that you didn't have notice that this was to be converted to a summary judgment ruling. What, setting aside for a moment the question of further discovery you'd have conducted, what more would you have submitted to the district court if you had understood that this was going to be decided on summary judgment? Well, what we would have done is what we exactly did, is we informed the district court that under Rule 56D, we would need to conduct additional discovery because Mr. Hossain, in his claim, this is in ER 103 to 106 in paragraph six, claims the transfers from Silk Road into the OneBad and OneBB wallets were mostly, if not entirely, Bitcoin stolen from Mt. Gox, including Mr. Hossain's Bitcoin, a fact that Mt. Gox concealed from Mr. Hossain and others by showing false balances. And so tell me what the discovery is that you would have conducted and what you think that would have likely revealed. The discovery we would have conducted, Your Honor, is a discovery to the Bitcoin records that are solely in the possession of the government that our experts actually need to do a proper forensics analysis. And the court can find evidence of that in the Sanders declaration that was submitted later, which it was new evidence and we asked the court to reconsider it, where Mr. Sanders says that the reliability of the Mt. Gox records in dispute. And he also, in his sworn declaration, states that the Bitcoin of Mt. Gox victims was not only traceable to the forfeited funds, but even the government's own expert could not account for approximately 17,000 stolen Bitcoin in the government's possession. We are seeking or we filed a claim against 245. So the discovery we would have gotten were records from the government regarding the Bitcoin that they have in their possession, from which we could do a forensics analysis with our expert properly and present to the district court why we believe that Agent Hiney is completely inaccurate, his declaration is. But how does it really help you? Your claim is, I had Bitcoin at Mt. Gox, some Bitcoin was stolen from Mt. Gox, I think it was mine. The Mt. Gox records that I have don't show that. And then you have Mr. Sanders who says, well, actually, the Mt. Gox records are really bad, they don't show anything, they're inaccurate. The fact that the records are very inaccurate, I don't know how that gets you to showing evidence that these Bitcoin are actually tied to you. So it seems like there's a gap, and it seems like the evidence that you have put in so far suggests that the gap is unlikely to be filled. So what's your answer to that? Certainly, Your Honor, no, we're not just asking for Mt. Gox records to be produced. We believe there are other records, Bitcoin records, the records that pertain to the tracing of the 69,000 Bitcoin, we don't want to rely on Mt. Gox records. That's why we want records of the tracing of the 69,000 Bitcoin that's in the government's possession. Based on those records, not Mt. Gox records, we would be able to present those to our expert and show that Mr. Hossain's Bitcoin is, in fact, in the government's possession. And that comports with Mr. Hossain's claim that the 1BAT and 1BB wallets were mostly, if not entirely, Bitcoin stolen from Mt. Gox, which included Mr. Hossain's Bitcoin. And Mr. Hossain also puts in his verified claim against Agent Hiney's declaration that Mt. Gox was actively concealing the fact that its accounts were being hacked and customers' BTC was being stolen and placed into Silk Road. Mt. Gox ledgers were not accurate, and customers were being deceived with ledgers showing BTC that had been stolen and was gone. So when the- Can I ask- Please, Dr. Carroll. Um, since you're not, uh, since you didn't appeal the denial of your motion for reconsideration, we can't even consider the Sanders declaration, can we? Because that was created after, for Buckley's case, and, uh, it wasn't even considered or available to the district court when it granted the motion to strike your case. No, Your Honor. Yeah, I believe we did appeal it, and you can consider it. We appealed the judgment, and- No, you appealed- you didn't appeal the motion for reconsideration. We did, Your Honor. It's in our brief. It's briefed, um, from pages 37 to 40 in the opening brief and pages 13 to 21 in the reply brief. Okay, hang on one second. I'm going to check. You said what pages? Uh, in the opening brief, it'll be from pages 37 to 40, and in the reply brief, it'll be from pages 13 to 21. That is why- So you're saying you- okay. Um, page 37 of your brief just says, District Court, in reinstate Mr. Hossain's claim for discovery and further proceedings consistent with this court's precedent with your signature. Your Honor, what I'm- So I'm wondering if I'm- I'm referring to the page number- the pacer page numbers. Uh, is Your Honor looking at the, um, the page numbers at the bottom? Okay, all right. Well, I'm on 37. And that's the pacer page number is what I'm referring to. Right. And if you're looking at the pages enumerated at the bottom of the page that we numbered, it says in addition to Mr. Hossain's verified claim, expert Sanders also stated under oath that the portion of- Right, but what I'm saying is the Sanders declaration didn't exist at the time the district court granted the government's motion to strike your claim. Yes, and that's why we are- Yeah, go ahead. Your notice to appeal did identify the denial of the reconsideration order as one of the judgments you were appealing, didn't it? I believe we identified because of space issues, we identified the order of striking the claim in the judgment because we thought everything was subsumed in that and we did move to have the court reconsider its ruling and the court denied it even in light of the Sanders declaration. The court did have it before the court and did do an analysis on it and we believed that it wasn't sufficient because there's a huge disputed issue of fact here that the court just kind of weighed evidence and found facts on. I'll reserve the rest of my minute and 20 seconds. You may. All right, and Ms. Chan for the hat trick this morning. May it please the court, my name is Mary Jean Chan and I represent the United States in this appeal. Even viewed in the light most favorable to Hussain, the evidence and not his arguments did not show a genuine issue of material fact sufficient for a reasonable fact finder defined by a preponderance of the evidence that Hussain had an ownership interest in the defendant property. The district court properly struck Hussain's claim for lack of standing on summary judgment and did not abuse his discretion in delaying the order for unspecified discovery on the narrow issue of standing which was peculiarly within Hussain's knowledge and control. Do you think that Mr. Hussain stated a verified claim of ownership sufficient for judgment on the pleadings? We are not arguing that this court should affirm on that basis. So you're conceding that point? I think that it is arguable. I mean, it's not worth sort of making that argument because they do argue in the verified claim that they're the original rightful and innocent owner of at least 245.92 bitcoin of the defendant property. And they don't make anything, unlike some of the other cases, they don't make statements that undermine that within the verified claim itself. And so for that reason, we did not argue that in our answering brief and we've really concentrated on the summary judgment standard, which in this case, Mr. Hussain knew and understood that that was the standard and he responded on that and that's at excerpt of record page 58. He did request more time for discovery, but he didn't specify what kind of discovery he would need for this. And he said that the evidence itself in the record was sufficient to deny summary judgment. Of course, if this court feels like that the verified claim is problematic, we would welcome input on that, but we think that we should be able to affirm or this court should affirm on the summary judgment standard. With respect to what the evidence should be looked at, it is true that the Sanders declaration was not presented until a motion for reconsideration, but also at excerpt of record 117, which was the notice of appeal, Mr. Hussain did specifically list both the original order as well as the motion for reconsideration in his notice of appeal. But what I think is critical about the Sanders declaration is that although it casts general aspersions on Mt. Gox, it doesn't even do that in a very unequivocal manner. It doesn't say that the records that Agent Haney used or those specific types of records are not to be relied on. It says very generally that depending on the kinds of records, there may be some records that are unreliable. And it doesn't specify anything that would impugn Agent Haney's conclusion as to the timing, which was that the 245 bitcoin that were in Mr. Hussain's Mt. Gox account were transferred out nine months after Individual X stole from Silk Road, making it impossible that that bitcoin would have made its way into the 1HQ3. Sanders' declaration doesn't dispute that. There's no evidence that disputes that fact, even though there's some aspersions about Mt. Gox records. Why aren't the assertions in the verified claim that the Mt. Gox ledgers were not accurate, that they were falsified, why wouldn't that be sufficient to create a dispute of material fact? Because he never says that his account was depleted at a time prior to Individual X stealing the 1HQ3 contents. And so there's never any dispute about that part of it, which is that whatever Mt. Gox might have done wrong or whatever was inaccurate about them, there's no dispute on this record that his 245 bitcoin were not transferred at a time to Silk Road in time for Individual X to be able to steal that from Silk Road in order to fund 1HQ3. And because there's no dispute about that, there is really no material dispute about his standing as to the interest. And the Sanders declaration, I think, is quite interesting because Sanders actually traces and says, we've traced some Mt. Gox bitcoin to Silk Road. But Sanders doesn't say, I've traced Hussein's bitcoin to Silk Road. There is nothing in the record that shows that whatever the transfers were actually went to Silk Road at all. I'm sorry, the verified claim says between 2011 and 2014, so that would include the 2012 Silk Road theft date. So why wouldn't that be enough for him to say this was the status at the time? Of the Mt. Gox ledgers, and at the time of Silk Road theft, this was the situation, and thereafter. The verified claim is only one component or one piece of evidence when we're looking at summary judgment, and we can look at the other evidence. This court has said that, for example, something that might be sufficient on the pleadings can be undermined by, for example, what is presented in the special interrogatories. And here, when Mr. Hussein was asked to respond to special interrogatories, he answered nothing at all. He wouldn't even give the specific account number to Mt. Gox. Now, the government was able to figure that out, or we think we figured it out, but he didn't supply anything to that. And again, through that process, in terms of adding it cumulatively together, there's never been a dispute that whether Mt. Gox itself was subject to irregularities between 2011 and the time it closed in 2014, that that didn't specifically impact Mr. Hussein's ability to withdraw his bitcoin in his Mt. Gox account prior to the time that Individual X withdrew and stole the Silk Road amounts in March and May of 2012. So there's no dispute as to the timing at all in the evidence. And I think if you go back and look at all the declarations, including the verified claim, which is verified and sworn and can be viewed as evidence, but if you look at all of that, there is nothing in there that says that this was not the case, that he couldn't take out his bitcoin at the time that Individual X stole it from Silk Road, or that Individual X didn't steal from Silk Road at the time that the government's complaint says, which is also sworn, says that it did. And so because of that, there is just not evidence for a rational fact finder to conclude that Mr. Hussein has an interest. There's not enough to even show that what his bitcoin did was travel the road to Silk Road at all, not to speak of from Silk Road then being stolen from Silk Road into the 1BAD and 1BBQ accounts. So the government concedes that we should consider the Sanders declaration, but basically it doesn't matter. It's a general recitation of how things worked, but nonspecific as to Hussein and we'll cover in a few moments Buckley. Well, no. I wouldn't concede that because I think that the district court was asked to consider it on the motion for reconsideration. But the way motions for reconsideration work in district court, as you probably know better than I do, is that you have to grant, at least in the Ninth Circuit or in the Northern District of California, you have to grant leave to even consider that motion. And because there was no explicit grant of that motion, there was no actually explicit consideration of the Sanders declaration, although the district court did say that even if we're looking at the Sanders declaration, it doesn't change the analysis. This is all just speculative. And so we think that you don't have to consider the Sanders declaration, but even if you do, it doesn't change the analysis and this court can affirm on summary judgment. With respect to the Haney declaration, I should just say that it does satisfy Rule 5064. It's kind of peculiar that Hussain has argued that it doesn't because Agent Haney specifically says that he personally conducted the blockchain analysis. He looked at the Mt. Gox records. And the Mt. Gox records, even though they might be impeached at some point, they're admissible, I think, clearly as business records. So it is unclear why, at least to me, why Hussain argues that this should not be considered under the summary judgment standard in terms of the evidence. Can I ask you a question about your argument that we could affirm because Mr. Hussain didn't respond to the interrogatories? Would it be unusual for us to... The notes say not every failure to respond to these interrogatories warrants an order striking the claim, but it does say that we should have a somewhat more demanding approach. But wouldn't it be rare to strike it based on one failure to respond to the interrogatories? It would not necessarily be within the exact fact scenario which this court has said because typically there are more chances that are given to the claimant. So yes, I guess it would be rare. And of course, this is an alternate basis for affirming. We think that the real ground for affirming is that there's just no evidence of the 1HQ3. I think it's quite unfortunate that many people were victims of the Mt. Cox irregularities and the hacking. But their recourse is not as claimants to the civil forfeiture of the 1HQ3 unless they're able to show some sort of connection. And here, there is no evidence and again, viewed in the light most favorable to Hussain that there's no evidence even viewed in that way that would show that anything left his accounts to Silk Road at all. And to the extent that they did, the transfers show that they occurred nine months well after the time that Individual X took it from Silk Road. So for those reasons, we would ask for an affirmance. Thank you. Ms. Chan. Mr. Almadani? Yes, Your Honor. Thank you. I will be quick because I've got to make it in 17 seconds to address some of Ms. Chan's comments. First of all, I'd like to be very clear that there are two buckets of records here. There's Mt. Cox records and there are records that would allow for traceability of the Bitcoin that are not Mt. Cox records. And we think we need both of them. It's curious that the government says that experts and we did not specify how Mr. Haney's the Mt. Cox records, which records he was unreliable. The problem is we don't have the records he's relying on. That's the whole issues that we weren't allowed to take discovery and test the government's theory. With both of the records in hand, we believe that we can show that Mr. Hosein's Bitcoin is in the government's possession. The government says that Mr. Hosein never says that his account was depleted. He, in fact, does. He says that the OneBad wallets contain mostly, if not entirely, Bitcoin stolen from Mt. Cox, including his Bitcoin. It wasn't there for him to withdraw. The ledgers were being falsified by Mt. Cox, he says. The district court couldn't just credit them. Ms. Chan says that they're admissible under the business records exception. Where's the declaration? They didn't offer competent evidence that they are reliable records and they are business records. What they're trying to do is accelerate Mr. Hosein's burden and have him come up with this entire case theory without giving us the records that we need to do that. That's a violation of Rule 56D2. And finally, on the discovery issue, I think Judge Koh is correct. The discovery violation that they alleged, they never moved to compel. It was never litigated below and it wasn't a basis for the court's ruling. And this court's opinions that we've cited  more opportunity if that was the issue. And with that, I'll submit, Your Honor. Thank you very much. I thank both counsel for their arguments and the cases submitted. And we'll hear her argument next in United States against Buckley.
judges: MILLER, KOH, Lynn